| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

United States District Court
Southern District of Texas
**ENTERED**
October 11, 2016
David J. Bradley, Clerk

Darian Baker, §
§
    Plaintiff, §
§
versus §    Civil Action H-16-2068
§
City of Clute, et al., §
§
    Defendants. §

## Opinion on Dismissal

1.   *Introduction*

A citizen filed a complaint, it turned into an arrest warrant, and police officers executed the warrant. The arrestee sues the city and its police department but only describes claims against the citizen or maybe the county. His case will be dismissed.

2.   *Background*

Baker says he is 28 days short because when he was fifteen years old a woman conned her daughter and the City of Clute into conspiring against him to humiliate his father who was running against her uncle for municipal judge.

The City says its officers received a complaint from a citizen, gave their report to their supervisor, and he sent it to the District Attorney for Brazoria County. She presented it to the juvenile court judge; he ordered a warrant for Baker's arrest. The officers carried out written orders from the judge – they arrested Baker.

At the hearing of his son's case – who is now an adult – Baker's father kept interrupting, was allowed to speak, became disruptive, and asked to wait in the hall. What Baker and his father have presented to the court does not address the City or its police officers. Their actions were simply thoughtful processing.

3.   *Clute Police Department.*

Baker named Clute Police Department as a separate defendant. It is not a legal entity; it is part of the City of Clute. It will be dismissed as improvidently joined because it does not have a jural existence.

4. *City of Clute.*

Baker has no claim against the City. For a city to be liable, it must have a policy that is the moving force behind a violation of a constitutional right. With no violation of Baker's constitutional rights, no policy could have been a moving force. The City – on the facts that can be mustered – did nothing wrong. Baker has not stated a claim against the City that is recognized by law.

5. *Claims.*

Baker has no claim for false arrest. False arrest is (a) willful detention, (b) without consent, and (c) without authority of law.[1] A valid arrest is an absolute bar to a claim of false arrest.[2] Officers had a valid arrest warrant issued by a court of competent jurisdiction.

No facts support Baker's claim for malicious prosecution. Officers took the complaint, sent it to the county, and got an arrest warrant. They had no room to be malicious because the warrant was not defective on its face.[3]

6. *Conclusion*

The facts Baker has articulated – after amending his complaint twice – do not support a legal claim against the City of Clute. Its officers had a job to do, and they did it. His claims will be dismissed.

Signed on October 10, 2016, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[1]*Sears, Roebuck & Co. v. Castillo*, 693 S.W.2d 374, 375 (Tex. 1985).

[2]*James v. Brown*, 637 S.W.2d 914 (Tex. 1982); *Cantu v. Botello*, 910 S.W.2d 65 (Tex. App. Corpus Christi 1995).

[3]*Ramsey v. Arrott*, 64 Tex. 320, 322 (1885); *Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex. 1997).